CITED *in Moulin* v. *Ins. Co.,* 1 *Dutch.* 63; *Ward* v. *Price, Id.* 237 ; *Austin* v. *N. Y. & E. R. R. Co., Id.* 383; *Beale* v. *Berryman,* 1 *Vr.* 219; *Barnes* v. *Gibbs,* 2 *Vr.* 318; *Cam. Roll. Mill Co.* v. *Swede Iron Co.,* 3 *Vr.* 17; *Mackey* ads. *Gordon,* 5 *Vr.* 289-292; *Robert* v. *Hodges,* 1 *C. E. Gr.* 305 ; *Davis* v. *Headley,* 7 *C. E. Gr.* 122; *McCahill* v. *Eq. Life Assurance Society,* 11 *C. E. Gr.* 538.

---

## BENJAMIN T. McMURTRIE ET AL. ADS. WILLIAM S. DOUGHTEN ET AL.

Where one of two joint debtors is served with process, and the other returned not found, judgment cannot be entered by default within sixty days from the return of process by serving notice of filing the declaration on the defendant who is served with process, without also serving it upon the other. To place him in default, each defendant must be served with such notice.

---

On motion to set aside judgment.

Mr. *Carpenter,* for the motion ; Messrs. *Dudley* and *Browning,* contra.

The case was argued before ELMER and POTTS, justices.

POTTS, J.   The defendants, Benjamin T. McMurtrie, Julius King, and Peter Williamson, partners, trading, &c., were sued in assumpsit upon a joint contract.   One of the defendants, King, was served with process, and the others, McMurtrie and Williamson, returned not found.   On the return day of the writs, the plaintiffs filed their declaration against all the defendants, and served notice of the filing thereof on King and Williamson, but not on McMurtrie, who is a nonresident.   No

plea having been filed within thirty days after service of the notices, the plaintiffs entered up judgment against all the defendants, conceiving they had authority to do so under the act of March 17, 1852. *Pamph. L.* 218.

The counsel of McMurtrie now moves to set aside this judgment, insisting that, to avail themselves of the provisions of the act of 1852, the plaintiffs must bring themselves strictly within its terms, by serving notice of the filing of the declaration upon all the defendants.

The act concerning obligations, &c., (*Rev. Stat.* 801) provides that where any one or more of several joint debtors are served with process the suit may proceed, and if judgment shall pass for the plaintiff, he shall have his judgment and execution against such as are so brought into court and against the other joint debtors named in the process, in the same manner as if they had been all taken and brought in by virtue of the process.

Prior to the act of 1852, no judgment could be entered for default of a plea until the expiration of thirty days from the filing of the declaration, and *sixty* days from the return day of the process. The plaintiff had thirty days from the return day within which to file his declaration, and he could gain nothing in point of time by filing it earlier, for the defendant had thirty days from the time limited for filing the declaration to put in his plea.

The act of 1852 changed the rule of practice in this respect: it provides that the defendant "shall file his plea within *thirty days after service upon him, or his attorney, of a notice in writing of the filing of the declaration.*" And, consequently, if after service of such notice he failed for thirty days to plead, he was in default, and the plaintiff was at liberty to take judgment; so that the plaintiff, by declaring on the return day, and serving notice, can compel the defendant to plead, or put him in default thirty days sooner than before.

Then, as the law stood prior to the act of 1852, a judgment in this case could not have been entered against these defendants within less than sixty days from the return day of the process for default of a plea. Does that act reach the case of

McMurtrie at all? No notice of filing the declaration was served upon him. How can we say McMurtrie was in default, under the provisions of this statute, when the plaintiff had not complied with the conditions upon which, alone, the statute says he shall be in default? The language of the act cannot be misunderstood. It is very explicit. It makes no reference to the case of absent defendants not served with process or notice. And before this court can extend its provisions to the case of joint debtors not served with process, and having no notice of the filing of the declaration in the cause, we ought to be able to see that such was the clear and manifest intention of the statute.

The judgment must be set aside.

ELMER, J., concurred.